OPINION
{¶ 1} Defendant-Appellant, Cory Gross, appeals the judgment of the Mercer County Court of Common Pleas, convicting him of assault of a police officer and sentencing him to a sixteen month prison term. On appeal, Gross asserts that the trial court erred by not imposing the shortest sentence upon him and that the trial court erred in not complying with the requirements of R.C.2929.19(B)(3). Based upon the Ohio Supreme Court's decision inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we vacate Gross' sentence and remand for further proceedings consistent with Foster.
 {¶ 2} In September of 2004, the Mercer County Grand Jury indicted Gross for one court of assault on a police officer in violation of R.C. 2903.13(A) (C)(3), a felony of the fourth degree. Subsequently, Gross entered a plea of not guilty.
 {¶ 3} In December of 2004, Gross entered into a negotiated plea, based upon a stipulation of facts, whereby he would enter a no contest plea to the offense and the State would not make a recommendation at the sentencing hearing, nor oppose a recognizance bond. The agreed stipulation of facts stated:
Shortly before midnight on September 10, 2004, Ptl. Taylor,Ptl. Harting, Ptl. Burgoon, and Sgt. Wale responded to adisturbance at 1400 W. Market St., Apt. #39, Celina, MercerCounty, Ohio. In the early morning hours of September 11, 2004Defendant Cory Gross was arrested as a result of this incident.While in the cruiser operated by Sgt. Tom Wale, Defendant CoryGross caused a commotion in the back of the cruiser, and whileSgt. Wale was attempting to restrain him, Defendant Cory Grosskicked and kneed Sgt. Wale in the chest several times.
 At all times relevant hereto Sgt. Tom Wale is a peace officerand was acting in the performance of his duties.
 {¶ 4} Subsequently, Gross changed his plea to no contest and the trial court found him guilty of assault on a police officer in violation of R.C. 2903.13(A) (C)(3), a felony of the fourth degree. The trial court also ordered a written presentence investigation to be completed prior to the sentencing hearing.
 {¶ 5} In January of 2005, the sentencing hearing was held. At the sentencing hearing, the trial court found on the record that Gross had prior adjudications of delinquency and a history of criminal convictions. Additionally, the trial court found on the record that Gross had failed to respond favorably in the past to probation, that he attempted to cause or made an actual threat of physical harm to a person, and that he has a previous conviction of causing physical harm. Based upon these findings, the trial court concluded that Gross was not amenable to available community control sanctions and a prison term was consistent with the purposes and principles of sentencing. Accordingly, the trial court sentenced Gross to sixteen months in the Mercer County Jail.
 {¶ 6} Further, the trial court found on the record that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public, based upon his "prior assaultive behavior." (Sentencing Tr. 4)
 {¶ 7} It is from this sentence Gross appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I THE TRIAL COURT COMMITTED AN ERROR OF LAW BY NOT IMPOSING THESHORTEST SENTENCE.
 Assignment of Error No. II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FAILING TO COMPLYWITH R.C. 2929.19(B)(3).
 Assignment of Error No. I {¶ 8} In his first assignment of error, Gross argues that the trial court erroneously imposed a sentence which was more than the minimum although he had not previously served a prison term. Further, Gross argues that the trial court erred when it imposed a sixteen month prison term on him for his fourth degree felony offense, when the trial court only found recidivism factors under R.C. 2929.12(D) in support of the sentence.
 {¶ 9} The Ohio Supreme Court recently addressed constitutional issues concerning felony sentencing in Foster,supra. In Foster, the Court held that portions of Ohio's sentencing framework are unconstitutional and void, including R.C. 2929.14(B) and (C) and 2929.19(B)(2). Foster, supra, at ¶¶ 97, 99. Pursuant to Foster, Gross' first assignment of error is sustained.
 Assignment of Error No. II
In his second assignment of error, Gross argues that the trial court erred when it failed to notify him of post-release control. Specifically, Gross asserts that the trial court failed to notify him about post-release control at the sentencing hearing and also failed to include said notice in the entry of sentencing.
 {¶ 10} Our resolution of Gross' first assignment of error renders his second assignment of error moot and we decline to address it. App. R. 12(A)(1)(c).
 {¶ 11} Having found error prejudicial to Appellant herein, in the particulars assigned and argued, we vacate Gross' sentence and remand the matter for further proceedings consistent withFoster.
 Judgment reversed.
 Cupp and Shaw, JJ., concur.